IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-CR-32-MR-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW CLAY DEVINNEY, | ) | |
| | ) | |
| Defendant | ) | |

This matter is before the Court on Defendant's "Motion to Compel Provision of Copy of Discovery Material" (the "Motion," Doc. 23), which seeks an order requiring the Government to produce a copy of certain electronic data that was taken from multiple devices, including cell phones (the "Data Set").

I. Relevant Procedural Background

Defendant was indicted on June 3, 2025, and charged with numerous crimes related to the possession, production, and distribution of child pornography. Doc. 1.

On June 18, 2025, Defendant made his first appearance. The Court granted Defendant's request for appointed counsel and Eric J. Foster was assigned to represent Defendant. Defendant was arraigned and was detained after waiving his right to an immediate detention hearing.

Defendant filed the Motion on July 17, 2025. Doc. 23.

The Government filed a timely response on August 22, 2025. Doc. 28.

1

The Court held a hearing on the Motion on September 5, 2025. At the conclusion of that hearing, the undersigned took the matter under advisement. This order now follows.

## II. The Proceedings on September 5, 2025

The Government was represented by Assistant United States Attorney Alexis Solheim. Defendant appeared with Mr. Foster.

The Government did not present any evidence.

Defendant's evidence included the following:

### A. Anthony J. Johnson Materials

A copy of a resumé for Anthony J. Johnson was filed by Defendant the day before the hearing.[1] Doc. 32. During the hearing, Defendant submitted a brief written statement by Mr. Johnson. Doc. 33.

### B. Matthew Rogers

Defendant then called Matthew Rogers, a senior digital forensic analyst with the Hickory Police Department and member of an FBI task force. Task Force Officer ("TFO") Rogers testified regarding his professional background, his analysis of electronic data in this matter, the forensic software and tools he used, an initial report he prepared in this case, and the options given to Defendant regarding how to review the Data Set and to receive a copy of

---

[1] The undersigned presumes that Mr. Johnson has been retained as a consultant and/or potential expert witness for Defendant.

selected portions.

III. The Subject Information and Its Availability to Defendant

A. The Data Set

As part of its investigation in this case, the Government has obtained a large amount of electronic data that was stored on a variety of different devices; the Government's briefing represents that the Data Set contains a total of 3.29 terabytes of data.

The Government has recovered 1900 unique images of child sexual abuse material ("CSAM") from within the Data Set.

The Government believes additional material that constitutes CSAM is still contained in the Data Set and will be found as the data continues to be processed, but the Government cannot be certain that additional CSAM will be found or, assuming it does exist in the Data Set, exactly where it might be residing.

According to TFO Rogers, computers create certain files, such as thumbnails or cached files, as a type of time-saving feature so a user can quickly reload a file that has been minimized or closed. Pieces of those files, called remnants, are common and can exist in different places throughout a hard drive. TFO Rogers testified that, using digital forensic analysis tools, he can see remnants of CSAM within the Data Set, but cannot always determine where those remnants are stored or whether they can be recovered because

3

they can be saved anywhere on a hard drive, including in unusual places or unallocated space. He estimated that, given the quantity of data, it would take roughly 2.7 years to check the entire Data Set thoroughly for CSAM.

Forensic analysis tools could be used to assist with a comprehensive review of the Data Set, but those tools cannot be expected to scan for and redact CSAM entirely on their own and without any input from a human user. For instance, again according to TFO Rogers, forensic analysis tools can automatically search for CSAM using hash signatures, which are unique codes, that have been applied by the National Center for Missing and Exploited Children to known CSAM files, but less than 1% of known CSAM has been given hash values. Consequently, in order to produce a copy of the Data Set from which all CSAM has been removed, a manual review of the Data Set by a review team would be required.

### B. The Government's Proposed Discovery Procedure

The Government has produced TFO Rogers's initial report, which documents the charged CSAM found in the Data Set.[2]

The Government also represents that it has offered to make the entire Data Set (including the charged CSAM) available for review by defense counsel

---

[2] The report itself has not been submitted to the Court.

at one of three locations—the Hickory Police Department, the FBI Office in Asheville, or the FBI Office in Hickory.

Defense counsel may bring an expert witness with him to this review and may return for subsequent reviews.

TFO Rogers has offered to be available during these reviews if defense counsel or Defendant's expert would like him to assist them in reviewing the materials, but he is also willing to allow defense counsel and Defendant's expert to review the Data Set in a private office without TFO Rogers being in the room.

Neither defense counsel nor his expert would be permitted to make unsupervised copies of material from the Data Set, though the Government has offered to provide defense counsel with a complete copy of subsets of data from the Data Set. In that regard, defense counsel would identify the data sought (e.g. text messages sent or received on certain dates), the Government would perform a complete review of that data to ensure that no CSAM was located within it, and then the Government would provide a copy of that data to defense counsel.

## IV. Discussion

### A. Rule 16 and 18 U.S.C. § 3509

A criminal defendant has a right to evidence in the Government's possession that is material and favorable to the defendant. See Brady v. Maryland, 373 U.S. 83, 87 (1963).

Also, Federal Rule of Criminal Procedure 16 provides that the Government must permit a defendant "to inspect and to copy or photograph . . . documents, data . . . or portions of any of these items, if the item is within the government's possession, custody, or control and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E).

In child pornography cases however, a defendant's right to receive certain material is restricted. Pursuant to 18 U.S.C. § 3509(m)(1), "any property or material that constitutes child pornography . . . shall remain in the care, custody, and control of either the Government or the court." Further, notwithstanding Rule 16, a court must deny "any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . ., so long as the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m)(2)(A). Material is "reasonably available to the defendant if the

6

Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(B).

Here, the initial question is whether the production of the material Defendant seeks is governed by Rule 16 or by Section 3509.

Defendant argues that Section 3509 does not apply because he is only seeking a copy of the Government's non-CSAM; that is, the other data that is contained in the Data Set but not the CSAM itself. The production of the non-CSAM, says Defendant, is governed by Rule 16.

The Government disagrees and contends that Section 3509 applies because a large amount of CSAM has been found in the Data Set and additional CSAM is believed to exist there.

On the record before it, the Court agrees, in part, with each side.

To the extent the Government fully reviews specific subsets of data from the Data Set and determines that it does not include CSAM, the production of that material to Defendant should be handled in accordance with Rule 16 and other applicable law.

However, the undersigned concludes that the remaining portions of the Data Set—those portions from which identified CSAM has previously been removed and in which the Government has found remnants of data suggesting

7

that other CSAM is still present—should be handled in conformity with Section 3509.³ TFO Rogers testified that he has found numerous pieces of data which indicate additional CSAM likely still exists in the Data Set. Defendant suggests it is possible that no additional CSAM will be found as the Government's processing of the Data Set continues, but he has provided no evidence to rebut TFO Rogers' statements, which the undersigned finds to be credible for the purpose of the instant Motion, about what likely exists in the Data Set.

### B. The Government's Compliance with Section 3509

The next issue is whether the Government has made the Data Set "reasonably available" to Defendant within the meaning of Section 3509.

On that point, defense counsel asserts that it would be improper to require him to travel to a Government facility to review the Data Set because he cannot do so in a confidential manner. Counsel contends that the Government would know which data is of the most interest to Defendant—first based on which portions of the Data Set he might ask the Government to filter for CSAM and copy for counsel's later review, and more generally because the Government would be able to tell which files counsel spent time reviewing while at the facility. He also argues that he could not effectively share the

---

³ Of course, any CSAM images themselves must be handled pursuant to Section 3509.

discovery materials with his client to discuss strategy.

Consequently, Defendant requests that the Court order the Government to provide defense counsel with a copy of all non-CSAM data that exists in the Data Set or, in the alternative, to produce the Data Set in full, but subject to a protective order regarding the handling of any CSAM that is subsequently discovered.

Respectfully, the undersigned is not persuaded that such relief is appropriate or required in this case.

Defendant has not argued that requiring defense counsel and any potential defense expert to review the Data Set under the conditions proposed by the Government would unreasonably increase the cost of such a review. Cf. United States v. Knellinger, 471 F. Supp. 2d 640, 647 (E.D. Va. 2007) (where the defendant's digital video experts described "the great cost and effort that would be required to conduct their analyses in a Government facility").

Similarly, Defendant has not argued that he is pursuing a defense theory that requires a type of analysis of the Data Set that could not be conducted feasibly at the locations identified by the Government. Cf. Knellinger, 471 F. Supp. 2d at 649 ("... the record here establishes that the defense theory being pursued by [defendant] requires a kind of analysis that cannot be conducted feasibly by outside experts in the facility as offered by the United States"); United States v. Jarman, No. CR 11-38-JJB-DLD, 2011 WL 13182995, at *5

9

(M.D. La. Dec. 6, 2011), aff'd, 687 F.3d 269 (5th Cir. 2012) ("The Court . . . finds that by not being able to work in her laboratory, Defendant's expert would not be able to perform the necessary work to assist in the defense.").

Defendant's concern that his review of the Data Set under the Government's proposed conditions would be more likely to give the Government some insight into Defendant's strategy by revealing the pieces of information that are of the most interest to Defendant is noted. Still, the Government has offered for defense counsel and his expert to review the materials privately without TFO Rogers present in the room, and no evidence was presented during the hearing to suggest that the Government would be able to determine, after the fact, which data counsel and his expert reviewed privately (or that the Government would attempt to do so).

The act of requesting a copy of a subset of specific data could give the Government some insight into which evidence Defendant views as being the most important, but it is not clear from the current record how much of an advantage this information could provide. Presumably, as the size of the subset of data Defendant requests increases, the time the Government will need to filter it will also increase, but the possibility that the Government would be able to identify the specific evidence Defendant finds to be important could correspondingly diminish. Such an analysis is speculative however since, from the information presented at the hearing, the Court understands that

10

Defendant's representatives have not viewed the Data Set at all, let alone requested from the Government a clean subset of information from the Data Set such that the Government could take a position on the reasonableness of such a request.[4]

Finally, granting the relief Defendant seeks could lead to additional issues, particularly if the Court were to direct the Government to provide a copy of the Data Set (except for the specifically identified 1900 CSAM images) to Defendant, and Defendant were then to locate additional inculpatory evidence, including CSAM (which TFO Rogers believes exists in the Data Set).

---

[4] The Court has closely considered denying the Motion without prejudice on this basis.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel Provision of Copy of Discovery Material (Doc. 23) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. To the extent Defendant identifies reasonably narrow subsets of data contained within the Data Set, the Government is directed to review those subsets fully, remove any CSAM, and make the remaining data available to Defendant pursuant to Rule 16 and other applicable law.
2. Otherwise, the Motion is denied.

Signed: September 16, 2025

W. Carleton Metcalf
United States Magistrate Judge